UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUFENG LI,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>YIMING (ANDREW) ZHANG,<br><br>　　　　　　　　　　Defendant. | Case No.: 21-CV-2017 W (MDD)<br><br>**ORDER DENYING MOTION TO DISMISS [DOC. 6]** |

　　　Pending before the Court is Defendant's motion to dismiss Plaintiff's causes of action for conversion and unjust enrichment under Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes.

　　　The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d)(1). For the reasons stated below, the Court **DENIES** the motion to dismiss [Doc. 6].

**I.　Factual Background**

　　　This lawsuit arises from Plaintiff Yufeng Li's interest in investing in cryptocurrency. (*Comp.* ¶ 8.) Li alleges that when Defendant Yiming (Andrew) Zhang

1

learned about his interest, he convinced him to invest through a former classmate and trusted friend in China, Xiaocheng Ji ("Ji"), who had recently made several million dollars of profit investing in bitcoin. (*Id.* ¶ 10.)

Li alleges that Zhang ultimately convinced him to transfer funds to Ji's bank account in China and that "Ji would be used solely as an intermediary and a temporary step to help overcome challenges" in converting Li's dollars to RMB, the official currency in China. (*Compl.* ¶ 14.) "Zhang emphasized that Ji was a trusted friend and that Zhang and Ji would help Mr. Li with his bitcoin investments." (*Id.*) Zhang also represented that once Ji converted Li's dollars to RMB, Ji would transfer the money to Zhang's account, and Zhang would then purchase and sell bitcoin on behalf of Li according to his instructions. (*Id.* ¶ 15.)

On May 13, 2021, based on Zhang's representations, Li transferred funds to Ji's bank account in China totaling RMB 6,466,292. (*Compl.* ¶ 16.) Zhang confirmed the funds were converted and transferred to Zhang's cryptocurrency account. (*Id.* ¶ 18.)

On May 28, Li noticed the price of bitcoin dropped significantly and "instructed Zhang to purchase 1 bitcoin at $39,000 and 20 bitcoin at $32,000." (*Compl.* ¶ 19.) Zhang confirmed he made the purchase and provided Li with a screenshot of the account showing the purchase. (*Id.*)

In July 2021, Zhang told Li that he suffered a loss of $210,000 in connection with his investment and that only 14 of the 21 bitcoin remained. (*Compl.* ¶ 20.) In August, Zhang urged Li to sell the remaining bitcoin based on market volatility. (*Id.*) Li agreed to sell 4 bitcoin and instructed Zhang to transfer the remaining 10 to a Coinbase cryptocurrency account Li had set up in his wife's name. (*Id.* ¶ 21.)

In October, Zhang informed Li that Ji betrayed Zhang's trust and misappropriated all of Li's funds. (*Compl.* ¶ 22.) Zhang also admitted he never purchased any bitcoin and instead Ji purchased the 21 bitcoin, but not for Li. (*Id.*) At some point Li demanded Zhang return his money, but Zhang refused and also "refused to provide Ji's contact

information, Chinese personal ID, and Ji's WeChat and other written communications regarding Mr. Li's investment and money." (*Id.* ¶ 21.)

On December 1, 2021, Li filed this lawsuit against Zhang alleging four causes of action for: (1) Fraudulent/Intentional Misrepresentation; (2) Negligent Misrepresentation; (3) Conversion; and (4) Unjust Enrichment. (*See Compl.*) Zhang now moves to dismiss the third and fourth causes of action.

## II.   LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Balisteri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007). But a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. Papasan v. Allain, 478 U.S. 265, 286 (1986); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

Complaints must contain "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to rise above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570).

### III. DISCUSSION

#### A. The Complaint sufficiently pleads conversion.

Under California law, the elements for a conversion cause of action are: (1) plaintiff's "ownership or right to possession of the property"; (2) defendant's wrongful exercise of dominion over the property or wrongful disposition of the property right, and (3) damages. Expedited Packages, LLC v. Beavex, Inc., 2015 WL 13357436, at *4 (C.D. Cal. Sept. 9, 2015) (citing Regent Alliance Ltd. v. Rabizadeh, 231 Cal. App. 4th 1177, 1181 (2014)). A claim for the conversion of money can be stated where the defendant "interferes with plaintiff's possessory interest in a specific, identifiable sum, such as where a trustee or agent misappropriates money entrusted to him." Id. at *5 (citing Kim v. Westmoore Partners, Inc., 201 Cal. App. 4th 267, 284 (2011)).

Here, the Complaint alleges Li had an ownership interest in the 6,466,292 RMB that was transferred on May 13, 2021 to Ji's bank account in China, and was then transferred back to Zhang's account to be used to purchase and sell bitcoin on behalf of Li according to his instructions. (*Compl.* ¶¶ 15, 16.) According to the Complaint, Zhang confirmed the funds were transferred back to his account. (*Id.* ¶ 18.) Although Zhang later asserted he never received the funds, Li demanded the return of his funds after Zhang and Ji misappropriated them. (*Id.* ¶¶ 22, 23.) Zhang refused to return the funds. (*Id.* ¶ 23.) Based on these allegations, the Court finds the Complaint adequately alleges a conversion cause of action.

Zhang nevertheless asserts the Complaint fails to allege a conversion claim for several reasons. First, Zhang contends that because Li "assented" to the transfer of funds, he assumed the risk of losing the funds. (*MTD P&A* [Doc. 6] 6:6–14.) In support of this argument, Zhang cites Bank of N.Y. v. Fremont Gen. Corp., 514 F.3d 1008 (9th Cir. 2008). But unlike Bank of N.Y., there is no indication Li was aware that Zhang and/or Ji were not following Li's instructions regarding the use of the funds. To the contrary, the Complaint alleges that once Li learned the funds were not used in accordance with his

instructions, he demanded Zhang return the funds.  Thus, in contrast to Bank of N.Y., there is no indication Li assented to the misappropriation of his funds.

Next, Zhang contends the Complaint "noticeably glosses over the role of Mr. Lv and the details of the transfer of Plaintiff's funds from Mr. Lv's control to another account…." (*MTD P&A* 815–21.)  But Zhang fails to tie the purported lack of these details to any of the elements necessary to plead conversion.

Finally, Zhang's remaining argument appears to center around the lack of *evidence* supporting Li's allegations.  (*MTD P&A* 6:22–7:25.)  As Li correctly points out, evidence is not required at the pleading stage.

### B. The Complaint's unjust enrichment claim is sufficiently stated.

Zhang argues the unjust enrichment cause of action should be dismissed because it is not a separate cause of action under California law.  (*MTD P&A* 8:1–3.)

Under California law, a quasi-contract is a claim for relief that seeks restitution based on a defendant's unjust enrichment.  Jordan v. Wonderful Citrus Packing LLC, 2018 WL 4350080, *4 (E.D.Cal. 2018) (citing Astiana v. Hain Celestial Grp., Inc., 783 F.3d 753, 762 (9th Cir. 2015)).  While California does not recognize unjust enrichment as a stand-alone claim, in Astiana, the Ninth Circuit held that "[w]hen a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution." Id., 783 F.3d at 762.  Accordingly, the Court construes Li's unjust enrichment cause of action as one for quasi contract.

### C. Punitive Damanges.

Zhang argues that because the Complaint fails to state a cause of action for conversion, the punitive damage claim also fails.  (*MTD P&A* 8:19–21.)  Because the Complaint sufficiently alleges a conversion cause of action, this argument lacks merit.

1  IV.  **CONCLUSION & ORDER**

2  For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss
3  [Doc. 6].

4  **IT IS SO ORDERED**.

5  Dated: April 11, 2022

7  Hon. Thomas J. Whelan
8  United States District Judge